# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TOXIE ODOM #273646 | CIVIL ACTION |
| versus | NO. 09-3028 |
| DENIS WHEAT | SECTION: "I" (1) |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, Toxie Odom, is a state prisoner incarcerated at the Tangipahoa Parish Jail, Amite, Louisiana. On February 4, 2003, he was convicted of second degree battery in violation of

Louisiana law.[1] On May 5, 2003, he was sentenced to a term of five years imprisonment.[2] On January 8, 2004, he pleaded guilty to the multiple bill of information filed by the state and was resentenced as a multiple offender to a term of twenty years imprisonment.[3] On April 2, 2004, the Louisiana First Circuit Court of Appeal affirmed petitioner's conviction. However, finding a patent error with respect to the original sentencing on May 3, 2003, and unaware that petitioner had been already been resentenced as a habitual offender, the Court of Appeal vacated the *original* five-year sentence and remanded the matter for resentencing.[4] Petitioner then filed with the Louisiana Supreme Court a petition for writ of certiorari which was denied on October 8, 2004.[5]

On March 14, 2006, the trial judge, pursuant to the order of remand, resentenced petitioner on the original conviction to a term of five years imprisonment. Petitioner was then rearraigned on the multiple bill of information, and he entered a plea of not guilty.[6] Despite that fact, at a subsequent hearing on August 28, 2006, the trial judge held that no further proceedings

---

[1] State Rec., Vol. II of V, trial transcript, p. 264; State Rec., Vol. I of V, minute entry dated February 4, 2003; State Rec., Vol. I of V, jury verdict form.

[2] State Rec., Vol. II of V, transcript of May 5, 2003, p. 3; State Rec., Vol. I of V, minute entry dated May 5, 2003.

[3] State Rec., Vol. III of V, transcript of January 8, 2004, pp. 7-8; State Rec., Vol. III of V, minute entry dated January 8, 2004.

[4] State v. Odom, 878 So.2d 582 (La. App. 1st Cir. 2004) (No. 2003-KA-1772); State Rec., Vol. IV of V.

[5] State v. Odom, 883 So.2d 1026 (La. 2004) (No. 2004-K-1105).

[6] State Rec., Vol. IV of V, minute entry dated March 14, 2006.

were necessary because the original multiple offender adjudication was still valid and the twenty-year enhanced sentence was still in effect.[7]

On March 23, 2007, petitioner then filed with this Court a federal application for *habeas corpus* relief. That application was dismissed without prejudice on August 13, 2007, due to petitioner's failure to exhaust his state court remedies.[8]

Also on March 23, 2007, petitioner filed with the state district court an application for post-conviction relief, a petition for writ of *habeas corpus*, and a motion to correct an illegal sentence.[9] On May 10, 2007, the post-conviction application was denied.[10] Petitioner filed a motion for reconsideration which was likewise denied on June 11, 2007.[11] His related writ applications

---

[7] State Rec., Vol. IV of V, transcript of August 28, 2006; State Rec., Vol. IV of V, minute entry dated August 28, 2006.

[8] Odom v. Travis, Civ. Action No. 07-1543, 2007 WL 2362340 (E.D. La. Aug. 13, 2007).

[9] State Rec., Vol. V of V.

[10] State Rec., Vol. V of V, Order dated May 10, 2007. The court did not specifically address the related petition for writ of *habeas corpus* and motion to correct an illegal sentence.

[11] See Rec. Doc. 1.

were then denied by the Louisiana First Circuit Court of Appeal on July 23, 2007,[12] and September 28, 2007,[13] and by the Louisiana Supreme Court on June 20, 2008.[14]

The state contends that petitioner filed another writ application with the Louisiana First Circuit Court of Appeal on August 19, 2008, which was denied on December 8, 2008.[15] No records relating to that purported application have been submitted for this Court's review.

On February 26, 2009, petitioner filed the instant federal application for *habeas corpus* relief.[16] In support of his application, he claims that no lawful court order exists for his continued incarceration.

Timeliness

The state argues that petitioner's federal application is untimely.[17] Based on the state court record submitted, this Court is unable to make that determination.

On March 17, 2009, the undersigned issued an order which stated in pertinent part:

---

[12] State v. Odom, No. 2007 KW 1185 (La. App. 1st Cir. July 23, 2007) (unpublished); Rec. Doc. 1. In its response in this proceeding, the state contends that there also were two other writ applications filed by petitioner which were denied by the Louisiana First Circuit Court of Appeal on this same date; however, no records relating to those purported applications have been submitted for this Court's review. See Rec. Doc. 12, p. 5. Counsel is cautioned that if the state court record is incomplete, the state should supplement the record submitted to this Court.

[13] State v. Odom, No. 2007 KW 1591 (La. App. 1st Cir. Sept. 28, 2007) (unpublished); Rec. Doc. 1.

[14] State *ex rel.* Odom v. State, 983 So.2d 1270 (La. 2008) (No. 2007-KH-2195); State *ex rel.* Odom v. State, 983 So.2d 1264 (La. 2008) (No. 2007-KH-1744).

[15] See Rec. Doc. 12, p. 6.

[16] Rec. Doc. 1.

[17] Rec. Docs. 11 and 12.

> **IT IS ORDERED** that the District Attorney for Washington Parish, Louisiana shall file with the Court, within ninety (90) days of entry of this order, a certified copy of the entire state court record. **This shall include all pleadings, briefs, memoranda, and other documents filed in connection with any application for post-conviction relief or appeal, transcripts of <u>all</u> proceedings held in any state court, and all state court dispositions.** In the event the District Attorney is unable to produce any of these documents, he shall advise the Court in writing as to the reason why he is unable to do so.[18]

Contrary to that order, the District Attorney has not provided a certified copy of the complete state district court record. Rather than providing a new copy of the state court record as ordered, the District Attorney simply (1) directed the Court's attention to the copy of the state court record filed in connection with Civil Action No. 07-1543 and (2) represented that copies of any subsequently filed documents were attached to petitioner's federal application. Even ignoring the fact that the District Attorney did not request, much less obtain, leave to use in this action the record submitted in connection with Civil Action No. 07-1543,[19] the District Attorney's representation regarding the subsequently filed documents is uncertified by the clerk of the state district court and is clearly unacceptable.[20]

---

[18] Rec. Doc. 4, p. 2 (emphasis in original).

[19] However, in light of the fact that it was necessary for the Court to have a record to review, the Court has since issued such an order *sua sponte*.

[20] The District Attorney represents that the state district court clerk was "unwilling" to provide the records at issue. If such unwillingness is encountered in the future, the District Attorney should file with this Court a motion to compel the clerk to produce the records. This Court will not hesitate to issue such an order and take all steps necessary, including ordering the clerk of court to appear in person before this Court to show cause why sanctions should not issue, to secure compliance.

Also in violation of the Court's order, the District Attorney has not submitted certified copies of the records from the Louisiana First Circuit Court of Appeal and the Louisiana Supreme Court and offers no explanation whatsoever for the failure to do so. Instead, the District Attorney merely references information purportedly obtained in telephone conversations with those courts. Again, that is insufficient. Without such records, this Court is unable to verify filing dates of some of the applications submitted to those courts, which is of course an indispensable part of the information needed to determine whether the instant application is time-barred as the state argues. Moreover, the District Attorney fails even to provide some of the rulings issued by those courts, simply noting that a telephone conversation indicated that the applications were denied. The District Attorney was clearly ordered to obtain and submit complete and certified records from those courts, and such egregious non-compliance with court orders is unacceptable.

Due to the District Attorney's failure to provide the records necessary for this Court to adequately assess the validity of the timeliness defense asserted, the Court declines to address that defense. Instead, the undersigned recommends that petitioner's federal petition simply be dismissed on the merits for the following reasons. See Trussell v. Bowersox, 447 F.3d 588, 590 (8th Cir. 2006) (a federal court may, in the interest of judicial economy, proceed to the merits of a *habeas* petitioner's claims even if his petition is arguably untimely); Sartain v. Cooper, Civ. Action No. 07-5903, 2008 WL 4758609, at *3 (E.D. La. Oct. 29, 2008).

## Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") comprehensively overhauled federal *habeas corpus* legislation, including 28 U.S.C. § 2254.

Amended subsections 2254(d)(1) and (2) contain revised standards of review for questions of fact, questions of law, and mixed questions of law and fact. Provided that the state court adjudicated the claim on the merits, pure questions of law and mixed questions of law and fact are reviewed under § 2254(d)(1) and questions of fact are reviewed under § 2254(d)(2). Hill v. Johnson, 210 F.3d 481, 485 (5th Cir. 2000).

As to questions of law and mixed questions of law and fact, a federal court must defer to the state court's decision unless it "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The United States Supreme Court has noted:

> § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams[ v. Taylor, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

Bell v. Cone, 535 U.S. 685, 694 (2002) (citations omitted).

As to questions of fact, factual findings are presumed to be correct and a federal court will give deference to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2); see also Hill, 210 F.3d at 485; 28 U.S.C. § 2254(e)(1).

## Petitioner's Claim

Petitioner claims that he is being held in custody without a lawful court order. Specifically, he argues that he is being held pursuant to a habitual offender adjudication that does not exist. His argument is based on three contentions. First, he contends that he was never adjudicated and sentenced as a habitual offender. Second, he contends that, *if* he was so adjudicated and sentenced, those rulings were later vacated and could not simply be "resurrected" by the state district court at the hearing on August 28, 2006. Third, he contends that, *if* he was adjudicated and sentenced as a habitual offender and that sentence was validly "resurrected," the enhanced sentence is nevertheless invalid.

The record reflects that, on April 10, 2003, the state filed a multiple bill of information charging petitioner as a habitual offender.[21] The record further reflects that, on January 8, 2004, petitioner pleaded guilty to being a fourth offender:

> THE COURT:
> All right. It's my understanding that we're – that there's going to be a plea on this multiple bill at this time; is that correct?
>
> MR. BAUER [defense counsel]:
> That is correct, Your Honor.
>
> THE COURT:
> So your client intends to withdraw his previously entered plea of not guilty as to the multiple bill and tender to the court a plea of guilty at this time?
>
> MR. BAUER:

---

[21] State Rec., Vol. I of V, multiple bill of information.

> Yes, sir, and stipulate that he is indeed a fourth offender – with this last conviction he is a fourth offender.[22]

The trial judge accepted that plea, vacated petitioner's original sentence, and resentenced him as a multiple offender to a term twenty years imprisonment.[23] Accordingly, it is clear that there is no merit to petitioner's first contention that he was never adjudicated and sentenced as a multiple offender.

To address petitioner's second contention, a brief review of the state court proceedings is required. As previously noted, on April 2, 2004, the Louisiana First Circuit Court of Appeal ruled on petitioner's direct appeal. In its review of the record for patent error, the Court of Appeal noted that district court did not observe the required sentencing delay when imposing petitioner's *original* five-year sentence. In light of that finding, *and unaware that the district court had already vacated that original sentence and resentenced petitioner a term of twenty years imprisonment as a multiple offender*, the Court of Appeal vacated the five-year sentence and remanded the matter for resentencing.[24]

Unfortunately, the Court of Appeal's decision created even more confusion regarding the sentencing. On March 14, 2006, in light of the Court of Appeal's order of remand, the state district court again resentenced on the original conviction to a term of five years imprisonment and,

---

[22] State Rec., Vol. III of V, transcript of January 8, 2004, p. 7.

[23] State Rec., Vol. III of V, transcript of January 8, 2004, p. 8.

[24] State v. Odom, 878 So.2d 582 (La. App. 1st Cir. 2004) (No. 2003-KA-1772); State Rec., Vol. IV of V.

at the state's request, rearraigned petitioner on the multiple bill of information. After being rearraigned, petitioner entered a plea of not guilty to the multiple bill.[25]

Ultimately, the confusion was cleared up at the hearing held on August 28, 2006. At that hearing, the prosecutor noted that the Court of Appeal had vacated only the original-five year sentence, not the enhanced twenty-year sentence of which the appellate court was unaware. The prosecutor argued that the enhanced sentence therefore had never been vacated and was still in effect. The prosecutor further argued that, in light of that fact, "no further proceedings are necessary."[26] The trial judge agreed and held that the previous twenty-year enhanced sentence was still valid.[27]

In light of the foregoing, petitioner contends that his habitual offender adjudication and sentence was improperly "resurrected" by the state district court in the August 28 hearing. In the state post-conviction proceedings, the state district court rejected that claim, holding:

> Petitioner's assertion that his twenty year sentence pursuant to the multiple bill "has been declared moot" is without validity. When defendant was sentenced under the multiple offender bill, the underlying five year sentence which was the only sentence remanded by the First Circuit Court of Appeals was vacated. Though this occurred three months prior to the issuance of the appellate decision, it nonetheless cured the procedural defects referenced in that opinion.[28]

---

[25] State Rec., Vol. IV of V, minute entry dated March 14, 2006.

[26] State Rec., Vol. IV of V, transcript of August 28, 2006, p. 2.

[27] State Rec., Vol. IV of V, transcript of August 28, 2006, pp. 4-5.

[28] State Rec., Vol. V of V, Order dated May 10, 2007.

- 10 -

Petitioner filed a motion for reconsideration of that ruling which was likewise denied on June 11, 2007.[29] His related writ applications were then denied without reasons assigned by the Louisiana First Circuit Court of Appeal on July 23, 2007,[30] and September 28, 2007,[31] and by the Louisiana Supreme Court on June 20, 2008.[32]

As a preliminary matter, it appears that petitioner's contention at best turns on an issue of state law not reviewable in this proceeding. "'[I]t is not the province of a federal *habeas* court to reexamine state-court determinations on state-law questions.'" Trevino v. Johnson, 168 F.3d 173, 184 (5th Cir. 1999) (quoting Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)); Dickerson v. Guste, 932 F.2d 1142, 1145 (5th Cir. 1991) ("We will not review a state court's interpretation of its own law in a federal habeas corpus proceeding. We do not sit as a 'super' state supreme court in such a proceeding to review errors under state law.") (internal citation and quotation marks omitted). Therefore, even if the state courts in fact misapplied the applicable state law on whether a new multiple bill sentencing would be required under these unusual circumstances, that would be of no moment in this proceeding. Federal *habeas corpus* relief may be granted only to remedy

---

[29] See Rec. Doc. 1.

[30] State v. Odom, No. 2007 KW 1185 (La. App. 1st Cir. July 23, 2007) (unpublished); Rec. Doc. 1.

[31] State v. Odom, No. 2007 KW 1591 (La. App. 1st Cir. Sept. 28, 2007) (unpublished); Rec. Doc. 1.

[32] State *ex rel.* Odom v. State, 983 So.2d 1270 (La. 2008) (No. 2007-KH-2195); State *ex rel.* Odom v. State, 983 So.2d 1264 (La. 2008) (No. 2007-KH-1744).

violations of the Constitution and laws of the United States; mere violations of state law will not suffice. 28 U.S.C. § 2254; Engle v. Isaac, 456 U.S. 107, 119 (1983).

Moreover, even if a *federal* issue could be gleaned from petitioner's second contention, he cannot be afforded *habeas corpus* relief unless he shows that the state court's decision on that issue "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). In this case, petitioner does not identify a United States Supreme Court ruling which addresses the issue he now presents, and this Court is aware of no such ruling. Where the jurisprudence of the United States Supreme Court "give[s] no clear answer to the question presented, let alone one in [petitioner's] favor," it cannot be said that a state court's ruling impermissibly ran afoul of "clearly established Federal law" for purposes of § 2254(d)(1). Wright v. Van Patten, 128 S.Ct. 743, 747 (2008). Accordingly, pursuant to the AEDPA's deferential standard, petitioner's second contention must be rejected.

Petitioner's third contention is that the enhanced sentence is invalid on several grounds. For the following reasons, the Court rejects that contention.

First, petitioner contends that he was not advised of his rights prior to his guilty plea in the multiple offender proceeding. For the following reasons, the Court finds that this contention does not warrant a grant of relief.

To the extent that petitioner is contending that the trial judge failed to comply with the requirements of state law regarding advisement of rights in that proceeding, that contention, even if true, does not state a cognizable *habeas* claim. "Errors of state law and procedure ... are not

cognizable unless they result in the violation of a federal constitutional right." Lee v. Whitley, No. 93-03791, 1994 WL 395071, at *3 (5th Cir. June 28, 1994) (rejecting claim that the judge violated state law by not informing the petitioner of his right against self-incrimination in the multiple offender proceeding).

To the extent that petitioner is contending that there was a federal violation in this respect, that contention is not well-founded. Even in those situations in which an advisement of rights is required, the federal Constitution does not require an express articulation and waiver of rights on the record before a guilty plea may be accepted. Barksdale v. Blackburn, 670 F.2d 22, 25 (1982); Brown v. Jernigan, 622 F.2d 914, 915 (5th Cir. 1980). Moreover, in any event, the United States Fifth Circuit Court of Appeals has held that the jurisprudence mandating such an advisement of rights has "only a limited application to multiple offender proceedings." Joseph v. Butler, 838 F.2d 786, 790 (5th Cir. 1988). Rather than applying a strict Boykin[33] analysis, federal courts in this Circuit consider only whether the "totality of the circumstances" indicate that the plea in the habitual offender proceedings was voluntary and intelligent. Id. at 789-90; see also Alexander v. Whitley, 940 F.2d 946, 947 (5th Cir. 1991); Swift v. Lynn, 870 F.2d 1039, 1041-42 (5th Cir. 1989).

Considering the totality of the circumstances in the instant case, the Court finds meritless petitioner's suggestion that his guilty plea in the multiple offender proceeding was involuntary and unintelligent. As a preliminary matter, the Court is unconvinced by petitioner's suggestion that he did not know his rights. This was neither petitioner's first criminal proceeding nor even his first guilty plea. On the contrary, all four of the predicate convictions listed in the

---

[33] Boykin v. Alabama, 395 U.S. 238 (1969).

multiple bill of information resulted from guilty pleas.[34] The Court finds suspect any suggestion that petitioner, a career criminal, was unaware of his rights. Moreover, in any event, petitioner was represented by counsel, who presumably complied with his professional obligation to advise petitioner. Most importantly, the Court notes that the guilty plea was entered pursuant to a very favorable plea bargain in which the state agreed to the minimum sentence allowed by law[35] and further agreed to forego prosecution on another unrelated charge.[36] These circumstances, considered together, lead this Court to conclude that petitioner's guilty plea, entered with the assistance of counsel, was voluntary and intelligent. Accordingly, there was no federal violation.

Petitioner next argues that the predicate convictions could not validly be used to enhance his current sentence. However, by *pleading guilty* to charges in the multiple bill of information, petitioner "waived any complaints he may have had concerning the former offenses which were set out in the enhancement charge." Zales v. Henderson, 433 F.2d 20, 24 (5th Cir. 1970); see also Randle v. Scott, 43 F.3d 221, 226 (5th Cir. 1995); Long v. McCotter, 792 F.2d 1338, 1340-42 (5th Cir. 1986); Vail v. Procunier, 747 F.2d 277, 278 (5th Cir. 1984); Scott v. Maggio, 695 F.2d 916, 922 (5th Cir. 1983); Kemph v. Estelle, 621 F.2d 162 (5th Cir. 1980). In the content of a habitual offender proceeding, a guilty plea to charging document is "both the alpha and the omega

---

[34] At the multiple offender proceeding, the prosecutor also noted that petitioner had additional convictions not listed in the multiple bill of information. State Rec., Vol. III of V, transcript of January 8, 2004, p. 3.

[35] See La.Rev.Stat.Ann. § 15:529.1(A)(1)(c) (establishing a twenty-year minimum sentence for a fourth or subsequent felony).

[36] State Rec., Vol. III of V, transcript of January 8, 2004, pp. 7-8.

of our determination." Zales, 433 F.2d at 22. Accordingly, petitioner is precluded from challenging the use of the predicate convictions to enhance his current sentence.[37]

For all of the foregoing reasons, the Court finds that petitioner has not demonstrated that the state court's decision rejecting his claim "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Accordingly, under the deferential standard mandated by the AEDPA, this Court should likewise deny his claim.

### Additional "Claims"

The Court notes that petitioner attached to his typewritten memorandum a two-page handwritten note addressed to the undersigned. In that note, petitioner states that he has "other claims not listed in (28 USC 2254) that I wish to bring to this court's attention, but have no access

---

[37] Additionally, to the extent that petitioner is challenging the constitutionality of those predicate convictions, any such challenge is foreclosed by Lackawanna County District Attorney v. Cross, 532 U.S. 394 (2001), in which the United States Supreme Court stated:

> [W]e hold that once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

Id. at 403-04 (citation omitted).

to any legal accestance [sic]." Out of an abundance of caution, this Court will address those claims, although they arguably are not properly presented and may not be exhausted.[38]

The first claim is that the trial court erred in accepting petitioner's guilty plea in the multiple offender proceeding without informing him of his right to remain silent. This claim is simply a variation of the claim previously discussed and rejected, and no further consideration of the claim is warranted.

The second claim is that the trial court erred in imposing an order while divested of jurisdiction. Petitioner does not explain this claim; however, the Court assumes petitioner is arguing that the trial court lacked jurisdiction to resentence him as a multiple offender during the pendency of his direct appeal. If that is petitioner's claim, it clearly has no merit. See La.C.Cr.P. art. 916(8) ("The jurisdiction of the trial court is divested and that of the appellate court attaches upon the entering of the order of appeal. Thereafter, the trial court has no jurisdiction to take any action *except* as otherwise provided by law and *to ... Sentence the defendant pursuant to a conviction under the Habitual Offender Law as set forth in R.S. 15:529.1.*") (emphasis added); State v. Hunter, 654 So.2d 781, 785 (La. App. 4th Cir. 1995).

The third claim is that the trial court erred when it "summarily denie[d]" petitioner's post-conviction application. However, this Court need not consider whether the trial court's handling of the post-conviction application was procedurally improper. That claim at best alleges

---

[38] A federal court has the authority to deny *habeas* claims on the merits, regardless of whether petitioner exhausted state court remedies and whether exhaustion is waived by the state. 28 U.S.C. § 2254(b)(2); Jones v. Jones, 163 F.3d 285, 299 (5th Cir. 1998); Woods v. Cain, Civil Action No. 06-2032, 2008 WL 2067002, at *8 n.8 (E.D. La. May 13, 2008).

a violation of state law and, therefore, simply is not cognizable in this forum. As previously noted, federal *habeas corpus* relief may be granted only to remedy violations of the *federal* Constitution and laws of the United States; mere violations of *state* law will not suffice. 28 U.S.C. § 2254; Engle v. Isaac, 456 U.S. 107, 119 (1983). Moreover, in any event, claims concerning alleged errors in state post-conviction proceedings are not a basis for relief in federal *habeas corpus* proceedings. Nichols v. Scott, 69 F.3d 1255, 1275 (5th Cir. 1995); see also Morris v. Cain, 186 F.3d 581, 585 n.6 (5th Cir. 1999); Davis v. Cain, Civ. Action No. 07-6389, 2008 WL 5191912, at *6 (E.D. La. Dec. 11, 2008); Turner v. Carlton, No. 2:05-CV-102, 2008 WL 2169519, at *2 (E.D. Tenn. May 22, 2008); Campbell v. Cain, Civ. Action No. 06-3983, 2007 WL 2363149, at *2 n.23 (E.D. La. Aug. 15, 2007).

Lastly, petitioner references a conclusory and unsupported claim of ineffective assistance of counsel, and he makes no showing of a prejudicial effect on the proceedings. Such "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding." Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000); see also Baxter v. Quarterman, 270 Fed. App'x 313, 314 (5th Cir.), cert. denied, 129 S.Ct. 171 (2008); Orange v. Cain, Civ. Action No. 06-10761, 2009 WL 938909, at *20 (E.D. La. Apr. 6, 2009).

For all of the foregoing reasons, the Court finds that the additional "claims" mentioned in petitioner's handwritten attachment do not warrant federal relief.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Toxie Odom be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this thirty-first day of August, 2009.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**